# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | |
|---|---|
| AMANDA J. BLEVINS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) No. 05-5090-CV-SW-FJG-SSA |
| JO ANNE B. BARNHART, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Pending before the Court is Plaintiff's Motion to Proceed In Forma Pauperis. (Doc. No. 1). Together with said motion is Plaintiff's Affidavit of Financial Status.

Pursuant to 28 U.S.C. § 1915, this Court may authorize the commencement or prosecution of any suit without prepayment of fees when an applicant files an affidavit stating that he is unable to pay the costs of the lawsuit, and the Court determines that the lawsuit is not frivolous or malicious.

The Court must exercise its discretion in determining whether an applicant is sufficiently impoverished to qualify under § 1915. Cross v. Gen. Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983). Such showing of poverty is sufficient if the applicant would become completely destitute or be forced to give up the basic necessities of life if required to pay the costs of the lawsuit. Adkins v. E.I. Du Pont De Nemours & Co., 335 U.S. 331, 339 (1948); Local Rule 83.7(a) (1999).

Plaintiff's Affidavit reveals that she is thirty years old, single, and with no dependents. Plaintiff states in her affidavit that she is not currently employed. Plaintiff states that her previous employment was at Lowes in Springfield, Missouri, where she only

worked for one week as a cashier, and had no income.

Plaintiff does not own real property or automobiles. Plaintiff indicates that she has $0.00 cash on hand, and indicates she belongs to no banks or other associations. Plaintiff indicates that, over the past twelve months, she has received $149 in food stamps per month. Plaintiff reports that she has no rental payment, gas bills, electric bills or water bills.

Based upon the information provided in plaintiff's affidavit, the Court believes that plaintiff is sufficiently impoverished to be permitted to proceed in forma pauperis. Therefore, the Court will grant plaintiff's application for leave to file this civil action in forma pauperis. Additionally, the Court finds that Plaintiff's complaint is not barred by 28 U.S.C. § 1915(e)(2)(B). The complaint does not appear to be frivolous, nor does it appear to state a claim on which relief cannot be granted or seek monetary relief against a defendant who is immune from such relief.

Accordingly, it is hereby **ORDERED** that:

1. Plaintiff's Motion to Proceed In Forma Pauperis (Doc. No. 1) is GRANTED;

2. because this case is included in the Case Management/Electronic Case Filing system; plaintiff's counsel shall be responsible for electronically filing the Complaint on or before July 22, 2005; and

3. plaintiff shall be responsible for serving process in the manner described in Federal Rule of Civil Procedure 4(I).


Date: July 19, 2005　　　　　　　　　　　**S/ FERNANDO J. GAITAN**, **JR.**
Kansas City, Missouri　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　　United States District Judge

2